## A89A0292. BAYNES v. THE STATE.
### (377 SE2d 708)

BANKE, Presiding Judge.

The appellant filed a motion to suppress evidence after he was indicted for carrying a concealed weapon and possession of an article with altered identification mark. The trial court denied the motion by order entered on September 22, 1988, and on that same date certified its ruling for immediate review. On September 29, 1988, the appellant filed with the clerk of the trial court a document entitled "Notice of Appeal." The notice began as follows: "Please take notice that the defendant . . . hereby appeals to the Court of Appeals of Georgia from the order of the court . . . denying the defendant's motion to suppress evidence." However, the document went on to assert various "[g]rounds for granting this application for leave to appeal. . . ." As directed by the notice, the clerk of the lower court transmitted the record in the case to this court, where it was docketed on October 28, 1988. *Held*:

OCGA § 5-6-34 (b) specifies that applications for interlocutory appeal "shall be filed with the clerk of the Supreme Court or the Court of Appeals. . . ." It further specifies that "the Supreme Court or the Court of Appeals may thereupon, in their respective discretions, permit an appeal to be taken from the order, decision, or judgment *if [the] application is made thereto within ten days after [the] certificate [of immediate review] is granted.*" Id. (Emphasis supplied.) Because the application in the present case was styled as a notice of appeal and was filed in the trial court, it did not reach this court until well over ten days after the certificate of immediate review was granted. Consequently, if we treat the document as an application for appeal, it must be dismissed as untimely. On the other hand, if we treat it as a notice of appeal, the appeal must be dismissed on the ground that it was not taken from an order or judgment from which a direct appeal was authorized. See OCGA § 5-6-34 (a).

*Appeal dismissed. Sognier and Pope, JJ., concur.*

DECIDED JANUARY 5, 1989.

*Strauss & Walker, C. Michael Walker, Pamela D. South*, for appellant.

*John M. Ott, District Attorney*, for appellee.